

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NEW YORK 10007

KATE FLETCHER
*Assistant Corporation Counsel*
Phone: 212-356-0823
kfletche@law.nyc.gov

May 21, 2021

**By ECF**

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

**Re:**   *Dorce v. City of New York*
  Case No. 20-1809

Dear Ms. Wolfe:

This letter responds to appellants' submission regarding *Harrison v. Montgomery County*, __ F.3d __, 2021 U.S. App. LEXIS 13883 (6th Cir. May 11, 2021). There, under an Ohio program, municipalities "surrender" their interest in foreclosed tax-delinquent properties, transferring them to land banks for essentially unrestricted disposal, including by sale to private buyers or demolition. *Id*. at *2. *Harrison* held that the TIA and comity did not bar claims for an accounting and damages equaling the landowner's surplus equity.

*Harrison* is mistaken under the Supreme Court's understanding of "tax collection" in *Direct Marketing Association v. Brohl*, 575 U.S. 1, 10 (2015). *Brohl* held that collection, "the act of obtaining taxes due," encompasses enforcement through liens, distraint and forfeiture. *Id*. New York City's use of *in rem* foreclosure fits comfortably among such tax collection methods, and its dedication of foreclosed property for affordable housing does not negate the tax-collection purpose (*see* City Br. 47-67). The TIA and comity therefore bar this suit under *Brohl*.

Nor did *Harrison* address this Circuit's precedent holding that comity bars federal suits challenging penalties that encourage tax payment (City Br. 62). The TPT

program—especially the retention of surplus equity—promotes tax collection by incentivizing payment and penalizing nonpayment (City Br. 62, 65 n. 28). Accordingly, comity bars even a limited challenge to surplus equity retention.

Even if *Harrison* were consistent with Supreme Court and Second Circuit precedent, it would not apply here. Under the TPT program, the City puts transferred property to public use by requiring its dedication for affordable housing, thereby sparing other tax revenue. No such budgetary offset necessarily occurs under Ohio's program. Separately, the complaint here, unlike in *Harrison*, seeks to enjoin the entire TPT program as unconstitutional (A54-56; *see, e.g.,* AOB 5-15, 52-56; Reply 26-28), and seeks damages for the *full* property values, not *only surplus* value (*see*, *e.g.*, A35-39, 49-50).

Finally, *Harrison*'s analysis of *Knick v. Township of Scott's* impact on Ohio's claim preclusion doctrine is irrelevant here. Far more telling is *Harrison*'s failure to suggest *Knick* alters application of the TIA or comity (or *Rooker-Feldman*, for that matter).

    Respectfully submitted,

    JAMES E. JOHNSON
    *Corporation Counsel*
    *of the City of New York*
    Attorney for City Appellees

By:   /s/ Kate Fletcher
    Kate Fletcher
    Assistant Corporation Counsel
    Appeals Division

2