

| JAMES E. JOHNSON | **THE CITY OF NEW YORK** | KATE FLETCHER |
|---|---|---|
| *Corporation Counsel* | **LAW DEPARTMENT** | *Assistant Corporation Counsel* |
| | 100 CHURCH STREET | Phone: 212-356-0823 |
| | NEW YORK, NEW YORK 10007 | kfletche@law.nyc.gov |

May 28, 2021

**By ECF**

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007


**Re:**  *Dorce v. City of New York*
Case No. 20-1809

Dear Ms. Wolfe:

We write in response to appellants' latest FRAP 28(j) letter. In the guise of alerting this Court to *CIC Servs., LLC v. IRS* ("*CIC*"), ___US___, 2021 U.S. LEXIS 2585 (May 17, 2021), appellants' letter unsuccessfully attempts to refute the City's showing that *Harrison v. Montgomery County*, __ F.3d __, 2021 U.S. App. LEXIS 13883 (6th Cir. May 11, 2021), is both wrongly decided and inapplicable here.

In *CIC*, the Supreme Court reaffirmed the scope of tax "assessment" and "collection" articulated in *Direct Marketing Ass'n v. Brohl*, 575 U.S. 1 (2015), holding that the Anti-Injunction Act (AIA), like the TIA, does not bar a suit to enjoin a "stand-alone" reporting requirement that is independent from tax assessment and collection. *CIC* at *12, *26. The Court held that the presence of a possible tax penalty for non-reporting did not change the outcome because: (1) the complaint challenged only the reporting requirement; (2) a "three-fold contingency" separated that requirement from any downstream discretionary tax penalty; and (3) the potential for criminal penalties for non-reporting created further separation. *Id.* at *17-*21. No similar considerations apply here. Put simply, *CIC*'s suit was nothing like appellants'.

If anything, *CIC* cuts our way. It instructs courts to look to the relief requested in the complaint—here, broad declaratory and injunctive relief targeting the City's collection of taxes through the TPT program. And it confirms that the TIA bars a suit, like appellants', that is squarely aimed at restraining tax collection. *See CIC* *14-*15.

In trying to resurrect *Harrison*, appellants also erroneously conflate the reach of the TIA and comity. But comity is far broader, prohibiting federal courts from adjudicating any claim for relief that risks disrupting state tax administration (City Br. 58-67). Thus, even if *CIC* narrows the AIA in ways not relevant here, *CIC* at *28-*31 (Kavanaugh, J., concurring), it in no way restricts comity. That longstanding doctrine not only prohibits appellants' actual lawsuit, but also bars their theoretical, unpled claim for damages measured by their supposed surplus equity.

Respectfully submitted,

JAMES E. JOHNSON
*Corporation Counsel*
*of the City of New York*
Attorney for City Appellees

By:   /s/ Kate Fletcher
Kate Fletcher
Assistant Corporation Counsel
Appeals Division

2